No. 25-2127

---

## IN THE UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

---

RASHAAN CARTER,
*Plaintiff-Appellee*

v.

SP PLUS CORPORATION
*Defendant-Appellant*

---

Appeal from The United States District Court
for the Northern District of Illinois, Case No. 1:25-cv-00312
The Honorable Elaine E. Bucklo, U.S.D.J. Presiding

---

## BRIEF AND SHORT APPENDIX OF DEFENDANT-APPELLANT SP PLUS CORPORATION

---

**LITTLER MENDELSON, P.C.**
Shanthi Gaur, Esquire
John P. McAvoy, Esquire
321 North Clark Street | Suite 1100
Chicago, Illinois 60654
Telephone: 312.372.5520

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: 25-2127

Short Caption: Rashaan Carter v. SP Plus Corporation

   To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

   The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information.  The text of the statement must also be included in the front of the table of contents of the party's main brief.  **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

☐    **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)    The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate  disclosure information required by Fed. R. App. P. 26.1 by completing item #3):
SP Plus Corporation

(2)    The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:
Littler Mendelson, P.C.

(3)    If the party, amicus or intervenor is a corporation:

    i)    Identify all its parent corporations, if any; and

        SP Plus Corporation's parent corporation is Metropolis Technologies, Inc.

    ii)    list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

        None. SP Plus Corporation and its parent corporation are privately-held.

(4)    Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

    Not applicable.

(5)    Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

    Not applicable.

Attorney's Signature: /s/ Shanthi Gaur      Date: July 10, 2025

Attorney's Printed Name:  Shanthi Gaur

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).   **Yes** ☐  **No** ☑

Address:  321 N. Clark Street, Suite 1100

Chicago, IL 60654

Phone Number: 312-795-3293      Fax Number:  312-372-7880

E-Mail Address: sgaur@littler.com

rev. 12/19 AK

**Save As**     **Clear Form**

## APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No: 25-2127_____

Short Caption: Rashaan Carter v. SP Plus Corporation_____

   To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

   The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information.  The text of the statement must also be included in the front of the table of contents of the party's main brief.  **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

[ ]   **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)   The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):
   SP Plus Corporation_____

_____

(2)   The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:
   Littler Mendelson, P.C._____

_____

(3)   If the party, amicus or intervenor is a corporation:

   i)      Identify all its parent corporations, if any; and

          SP Plus Corporation's parent corporation is Metropolis Technologies, Inc_____

   ii)     list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

          None. SP Plus Corporation and its parent corporation are privately-held._____

(4)   Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

        Not applicable_____

(5)   Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

        Not applicable_____

Attorney's Signature: /s/John P. McAvoy_____     Date: 08/14/2025_____

Attorney's Printed Name:  John P. McAvoy_____

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).     Yes [ ]   No [X]

Address:  Three Parkway, 1601 Cherry St. Suite 1400_____

          Philadelphia, PA 19102_____

Phone Number: 267.402.3031_____     Fax Number:  267.430.7988_____

E-Mail Address: jmcavoy@littler.com_____

rev. 12/19 AK

## TABLE OF CONTENTS

I.     JURISDICTIONAL STATEMENT ..........................................................1

II.    ISSUES PRESENTED FOR REVIEW.....................................................3

III.   STATEMENT OF THE CASE...............................................................4

       A.     PRELIMINARY STATEMENT .....................................................4

       B.     RELEVANT FACTS .....................................................................6

              1.     The Parties ........................................................................6

              2.     New Hire Onboarding.......................................................6

              3.     Mutual Agreement to Resolve All Employment-
                     Related Claims Through Binding Arbitration and
                     Class Waiver .....................................................................7

       C.     PROCEDURAL HISTORY.............................................................9

              1.     Initiation of Class Action Lawsuit....................................9

              2.     Informal Discovery and Motion to Compel
                     Arbitration........................................................................9

              3.     Carter Misses Deadline and District Court
                     Properly Grants Stay Pending Arbitration ....................11

              4.     Carter's Motion for Status Conference and
                     Request for Reconsideration ...........................................12

              5.     SP Plus's Opposition to Reconsideration .......................13

              6.     Carter's Reply and Procedurally Improper New
                     Evidence...........................................................................15

              7.     District Court Grants Reconsideration and
                     Vacates Stay.....................................................................17

IV.   SUMMARY OF ARGUMENT ..................................................................18

V.   ARGUMENT.............................................................................................21

    A.   THE DISTRICT COURT ABUSED ITS DISCRETION
        BY GRANTING RECONSIDERATION ..................................21

        1.   Standard of Review ...........................................................21

        2.   Carter's Motion for Reconsideration was
            Improperly Granted ..........................................................21

    B.   SP PLUS AND CARTER ARE PARTIES TO A VALID
        AND ENFORCEABLE ABRITRATION AGREEMENT
        AND CARTER'S CLAIMS ARE SUBJECT TO
        MANDATORY INDIVIDUAL ARBITRATION.......................25

        1.   Standard of Review ...........................................................25

        2.   Federal Law Favors Arbitration .....................................26

        3.   The Arbitration Agreement Expressly States that
            the FAA Applies ................................................................27

        4.   The Arbitration Agreement Encompasses Carter's
            Claims Against SP Plus ....................................................28

        5.   The District Court's Reconsideration Conflated
            the Evidentiary Standard for Opposing
            Arbitration.........................................................................29

    C.   ALTERNATIVELY, AND AT A MINIMUM, THE
        DISTRICT COURT ERRED BY NOT PROCEEDING
        SUMMARILY TO A TRIAL ON THE FORMATION ............34

VI.   CONCLUSION AND REQUESTED RELIEF ...................................36

# TABLE OF AUTHORITIES

**Page(s)**

## Federal Cases

*Am. Rec. Corp. v. Computerized Thermal Imaging, Inc.*,
　96 F.3d 88 (4th Cir. 1996) ................................................................ 27

*Analytical Survs., Inc. v. Tonga Partners, L.P.*,
　684 F.3d 36 (2d Cir. 2012) ............................................................... 21

*AT&T Mobility LLC v. Concepcion*,
　131 S. Ct. 1740 (2011) ..................................................................... 26

*EEOC v. Bloomberg L.P.*,
　751 F. Supp. 2d 628 (S.D.N.Y. 2010) .............................................. 21

*Boomer v. AT&T Corp.*,
　309 F.3d 404 (7th Cir. 2002) ............................................................. 2

*Buckeye Check Cashing, Inc., v. Cardegna*,
　546 U.S. 440 (2006) .......................................................................... 27

*Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*,
　90 F.3d 1264 (7th Cir. 1996) ...................................................... 21-22

*Coatney v. Ancestory.com DNA, LLC*,
　93 F.4th 1014 (7th Cir. 2024) .......................................................... 25

*Dean Witter Reynolds, Inc. v. Byrd*,
　470 U.S. 213 (1985) .......................................................................... 27

*Domer v. Menard, Inc.*,
　116 F.4th 686 (7th Cir. 2024) .......................................................... 31

*Gibson v. Neighborhood Health Clinics, Inc.*,
　121 F.3d 1126 (7th Cir. 1997) ......................................................... 31

*Gilmer v. Interstate/Johnson Lane Corp.*,
　500 U.S. 20 (1991) ............................................................................ 29

iv

*Green Tree Fin. Corp. v. Randolph*,
531 U.S. 79 (2000) ..................................................................26

*Hall St. Assocs., LLC v. Mattel, Inc.*,
552 U.S. 576 (2008) ................................................................26

*Hall v. Bodine Elec. Co.*,
276 F.3d 345 (7th Cir. 2002) .................................................32

*Keene Corp. v. Int'l Fidelity Ins. Co.*,
561 F. Supp. 656 (N.D. Ill. 1983), *aff'd*, 736 F.2d 388 (7th
Cir. 1984) .................................................................................21

*Kiefer Specialty Flooring, Inc. v. Tarkett, Inc.*,
174 F.3d 907 (7th Cir. 1999) .................................................28

*Moses H. Cone Mem. Hosp. v. Mercury Construction Corp.*,
460 U.S. 1 (1983) ............................................................26, 29-30

*Ortiz v. Winona Mem. Hosp.*,
2003 U.S. Dist. LEXIS 12446 (S.D. In. Jun. 4, 2003) ....................30-33

*Palmer v. Marion County*,
327 F.3d 588 (7th Cir. 2003) .................................................32

*Perry v. Thomas*,
482 U.S. 483 (1987) ................................................................27

*In re Prince*,
85 F.3d 314 (7th Cir. 1996) ...................................................21

*Rothwell Cotton Co. v. Rosenthal & Co.*,
827 F.2d 246 (7th Cir. 1987) .................................................22

*Scheurer v. Fromm Family Foods, LLC*,
863 F.3d 748 (7th Cir. 2017) .................................................25

*Sosa v. Onfido, Inc.*,
8 F.4th 631 (7th Cir. 2021) ...................................................25

*Stone v. Doerge*,
328 F.3d 343 (7th Cir. 2003) ...................................................1

*Tinder v. Pinkerton Sec.*,
  305 F.3d 728 (7th Cir. 2002).............................................................30-32

## Statutes

9 U.S.C. §§ 1-16....................................................................................... 36

9 U.S.C. § 2 ............................................................................................. 30

9 U.S.C. § 16(a)(1)(B)............................................................................... 1

28 U.S.C. § 1332...................................................................................... 1

Title VII of the Civil Rights Act of 1964 ................................................. 8

Fair Labor Standards Act (FLSA) ............................ 4, 9, 10, 14, 19, 28-29

Family Medical Leave Act (FMLA)....................................................... 7-8

Federal Arbitration Act (FAA)..... 3-5, 8-11, 14, 19, 20, 25- 27, 29, 34, 36,

Pennsylvania Minimum Wage Act (PMWA) ............ 4, 9, 10, 14, 19, 28-29

## Other Authorities

Local Civil Rule 47.1(b) ......................................................................... 12

Fed. R. Civ. P. 56 .................................................................................... 31

## I.    <u>JURISDICTIONAL STATEMENT</u>

This appeal arises from the United States District Court for the Northern District of Illinois's ("District Court") order granting reconsideration and vacating its prior order that had stayed litigation and compelled arbitration. Defendant-Appellant SP Plus Corporation ("SP Plus") is headquartered in Illinois. Plaintiff-Appellee Rashaan Carter ("Carter") is a resident and citizen of the Commonwealth of Pennsylvania.

Federal subject matter jurisdiction exists under 28 U.S.C. § 1332, as the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See Stone v. Doerge*, 328 F.3d 343, 345 (7th Cir. 2003) ("It is settled that federal courts have jurisdiction over suits seeking to compel arbitration (or enforce awards) only if the parties are of diverse citizenship, or some grant of jurisdiction other than § 1331 applies.").

As set forth in its Notice of Appeal, SP Plus seeks review of the District Court's order vacating its prior decision compelling arbitration. This appeal is properly before this Honorable Court pursuant to 9 U.S.C. § 16(a)(1)(B), which authorizes appellate review of an order "denying a

petition to order arbitration to proceed." *See Boomer v. AT&T Corp.*, 309 F.3d 404, 412 (7th Cir. 2002) (interpreting § 16(a)(1) to permit appeals from orders denying arbitration).

## II.     ISSUES PRESENTED FOR REVIEW

1.     Whether the District Court abused its discretion in reconsidering a decision compelling arbitration and staying litigation based on declarations submitted for the first time on reply on a motion for reconsideration.

2.     Whether the record evidence supports compelling arbitration based on the signed arbitration agreement and supporting declaration submitted in support of SP Plus's underlying motion to stay and compel arbitration.

3.     If a material dispute of fact exists as to whether the parties have agreed to arbitrate, does Section 4 of the FAA require the District Court to resolve the threshold issue of arbitrability before proceeding on the merits.

## III.　STATEMENT OF THE CASE

### A.　PRELIMINARY STATEMENT

This appeal arises from the U.S. District Court for the Northern District of Illinois' ("District Court") abuse of discretion in granting Rashaan Carter's motion for reconsideration and vacating its prior order compelling arbitration of Carter's claims against SP Plus Corporation ("SP Plus"). Respectfully, the District Court's decision was procedurally improper and legally unsupported. It relied on conclusory, self-serving declarations submitted for the first time in Carter's reply brief—after briefing had closed—thereby denying SP Plus any meaningful opportunity to respond. The Court's handling of the motion for reconsideration violated well-established standards and rewarded Carter's dilatory conduct, undermining the integrity of its own prior ruling.

Beyond the procedural flaws, the District Court's decision contravenes the Federal Arbitration Act ("FAA") and controlling precedent. The FAA mandates enforcement of arbitration agreements according to their terms and reflects a strong federal policy favoring arbitration. The Arbitration Agreement between SP Plus and Carter expressly invokes the FAA and broadly covers all claims "arising out of

or relating to" Carter's employment, including his wage claims under the Fair Labor Standards Act ("FLSA") and the Pennsylvania Minimum Wage Act ("PMWA").

SP Plus met its burden under the FAA by producing a signed Arbitration Agreement supported by valid consideration and a declaration documenting Carter's entry into that agreement. Carter's claims fall squarely within the scope of the agreement. The District Court's original order finding SP Plus' proof to be sufficient and proper compelling arbitration was correct and should have stood. Instead, the Court vacated that order without applying the proper legal standard and without affording SP Plus a fair opportunity to respond to Carter's late-filed declarations.

This Honorable Court should reverse the District Court's improper reconsideration and reinstate the original order compelling arbitration. In the alternative, the matter should be remanded with instructions for the District Court to conduct a trial on the issue of contract formation, consistent with Section 4 of the FAA and affording SP Plus the opportunity to address the declarations submitted by Carter.

5

## B.     RELEVANT FACTS

### 1.     The Parties

Headquartered in Chicago, Illinois, SP Plus offers a wide range of technology driven mobility solutions with employees in the State of Illinois, the Commonwealth of Pennsylvania, and throughout the United States. [*See* Dkt. 1, ¶ 6].

Carter is an adult individual residing in Pennsylvania. [Dkt. 1, ¶ 5]. On or about February 10, 2023, Carter commenced part-time employment with SP Plus as a valet at one of its Philadelphia, Pennsylvania locations. [*See* Dkt. 1, ¶ 5].

### 2.     New Hire Onboarding

At the time of Carter's hire, SP Plus provided onboarding documents to new employees, including those hired for valet positions. [Dkt. 12, Exh. A]. These documents included, among others, the Mutual Agreement to Arbitrate All Claims. [Dkt. 12, Exh. A, pp. 38-40]. SP Plus's regular practice is to allow new hires time to review the onboarding materials before signing. [Dkt. 7; Exh. B].

SP Plus records reflect that Carter electronically signed several onboarding documents on the afternoon of his hire, including the Emergency Contact Information Form at 2:47 p.m., the FMLA

Acknowledgement and IRS Form W-4 at 2:49 p.m., the Residency Certification Form at 2:57 p.m., the Preferred Pay Method Form and Employee Handbook Acknowledgement at 2:58 p.m., and the Voluntary Self-Identification of Veteran Status at 2:59 p.m. [Dkt. 12, Exh. A, pp. 19-20, 30-33, 36-40]. SP Plus records also indicate that the Arbitration Agreement was presented at 2:53 p.m. [Dkt. 12, Exh. A, pp. 38-40].

Supported only by procedurally improper declarations submitted for the first time on reply to his motion for reconsideration, Carter maintains after the fact that he did not receive or sign that document, claiming keen recollection of a years-earlier meeting when a manager purportedly completed the forms with information he verbally provided but suggesting the manager failed to describe any arbitration requirement. [Dkt. 14]. Carter never addressed or countered his assent by continued employment.

### 3. Mutual Agreement to Resolve All Employment-Related Claims Through Binding Arbitration and Class Waiver

As part of its onboarding process, SP Plus provides new employees with a Mutual Agreement to Arbitrate All Claims, which establishes binding arbitration as the exclusive method for resolving disputes arising out of or relating to the employee's application for employment,

employment, or termination. [Dkt. 12, Exh. A, p. 38, ¶¶ 1, 3]. The Arbitration Agreement expressly applies to claims brought under federal and state wage and hour laws, including the Fair Labor Standards Act and the Pennsylvania Minimum Wage Act. [Dkt. 12, Exh. A, p. 38, ¶ 3]. It also covers claims based in tort, contract, or statute, such as those arising under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Family Medical Leave Act ("FMLA"), and other employment-related laws. [Dkt. 12, Exh. A, p. 38, ¶ 3]. Both SP Plus and the employee waive the right to bring such claims in court or to pursue trial by jury, and instead agree to resolve them through arbitration governed by the FAA. [Dkt. 12, Exh. A, p. 38, ¶ 4].

The Arbitration Agreement affirms that the FAA applies and provides that a court of competent jurisdiction will determine whether the FAA governs the arbitration. [Dkt. 12, Exh. A, p. 38, ¶ 2]. It also includes a class and collective action waiver, requiring that all claims be brought in an individual capacity and barring representative actions, including those brought under a private attorney general theory. [Dkt. 12, Exh. A, pp. 38-39, ¶ 6]. The Arbitration Agreement specifies that disputes regarding the enforceability of these waivers must be resolved

8

by a court, not an arbitrator. [Dkt. 12, Exh. A, pp. 38-39, ¶¶ 6, 8].

Arbitration proceedings are to be conducted by a mutually agreed-upon

arbitrator, preferably a retired judge, and governed by federal procedural

and evidentiary rules. [Dkt. 12, Exh. A, p. 39, ¶¶ 8-9]. SP Plus agrees to

bear the costs of the arbitrator, and the Arbitration Agreement confirms

that mutual promises to arbitrate constitute sufficient legal

consideration. [Dkt. 12, Exh. A, p. 40, ¶ 15].

## C.   PROCEDURAL HISTORY

### 1.   Initiation of Class Action Lawsuit

On January 10, 2025, Plaintiff filed this action alleging SP Plus

violated the FLSA and PMWA by "knowingly and systemically failing to

pay its [v]alet [p]arkers and [v]alet [s]upervisors all wages owed for their

extensive overtime work." [Dkt. 1].

### 2.   Informal Discovery and Motion to Compel Arbitration

On February 6, 2025, SP Plus's counsel emailed Carter's counsel a

copy of the signed Arbitration Agreement. [*See* Dkt. 12, pp. 4-5]. Later,

on February 13, 2025, Carter requested onboarding paperwork for three

former SP Plus employees, which also contained identical arbitration

agreements. [*See* Dkt. 12, pp. 4-5]. Despite receiving this informal

discovery, Carter refused to stay the action for arbitration, but he did not

9

explain why he would not agree to arbitration. Consequently, to obtain the benefit of the parties' bargain, SP Plus filed a motion to stay pending arbitration on February 14, 2025. [Dkt. 7].

In its motion to stay proceedings pending arbitration, SP Plus argued that Carter entered into a binding and enforceable arbitration agreement as part of his employment onboarding and that the Arbitration Agreement expressly covers all employment-related disputes, including claims under the FLSA and the PMWA. [Dkt. 7]. SP Plus supported these arguments with the signed Arbitration Agreement and a declaration from its onboarding administrator, confirming that Carter had electronically signed the Arbitration Agreement during onboarding. [*See* Dkt. 7]. Accordingly, SP Plus emphasized that the Arbitration Agreement satisfies all elements of contract formation under Illinois law (*i.e.*, offer, acceptance, and consideration) and that Carter's employment and the mutual obligation to arbitrate provide sufficient consideration to enforce the agreement. [*See* Dkt. 7]. Citing controlling Supreme Court and Seventh Circuit precedent establishing a strong federal policy favoring arbitration and confirming that broad arbitration clauses create a presumption of arbitrability, SP Plus further contended

that the FAA governs the agreement and mandates its enforcement according to its terms. [*See* Dkt. 7]. Because Carter's claims arise directly from his employment and fall squarely within the scope of the arbitration agreement, SP Plus argued that the District Court was required to compel arbitration and stay the litigation. [Dkt. 7].

At the same time as engaging in the abovementioned motion practice, SP Plus, in good-faith and the interest of candor, agreed informally to produce additional requested materials to Carter upon receipt of signed authorization forms from the impacted additional individuals. [*See* Dkt. 12, pp. 4-5]. These materials were produced on or about March 11, 2025, and neither Carter nor his counsel requested further documents or information or communicated more about any purported concerns. [*See* Dkt. 12, pp. 4-5] Notably, Carter's motion to reconsider never mentioned any need for any specific discovery to be ordered, instead just generically referencing possible "discovery" in generic terms. [*See* Dkt. 10].

### 3.   Carter Misses Deadline and District Court Properly Grants Stay Pending Arbitration

Pursuant to District Court Local Civil Rule 47.1(b), Carter must have responded to SP Plus' motion to stay pending arbitration on or

before February 28, 2025. L.C.R. 47.1(b). Carter neither filed any response nor filed any motion for extension of the deadline, leaving SP Plus and the District Court to assume Carter had determined not to oppose the motion after all.

On March 11, 2025, after more than three weeks after SP Plus filed its motion to stay pending arbitration with no response or request for extension from Carter, the District Court reasonably granted the motion. [Dkt. 9]. In making this ruling, the District Court confirmed that SP Plus properly established the required elements for enforcement of the arbitration agreement. [Dkt. 9]. In other words, the District Court determined the requirements had been met, rather than simply entering the decision as a default due to the lack of opposition. [Dkt. 9].

### 4. Carter's Motion for Status Conference and Request for Reconsideration

On March 14, 2025, Carter filed a "motion for status conference," seeking a conference to discuss the parties' informal discovery efforts and whether the District Court's original decision should be "vacated." [Dkt. 10]. Carter's moving papers failed to mention that SP Plus had already produced all informally requested discovery. [*See* Dkt. 10]. Carter did not actually move for reconsideration or offer any argument for that relief,

nor did Carter attach any evidence. Carter also never argued the District Court entered its original decision prematurely or attempted to explain his failure to file any original response or protect that deadline.

Only five days later, on March 19, 2025, before SP Plus could complete and file its opposition to Carter's "motion for status conference" [Dkt. 10], the District Court entered an Order on the docket stating Carter's "motion for status conference" would be considered as a motion for reconsideration of the Order granting SP Plus's motion to stay pending arbitration. [Dkt. 11]. The District Court further set forth a briefing schedule, pursuant to which SP Plus was permitted to file opposition to Carter's motion for reconsideration and Carter the opportunity to file a reply brief in further support thereof. [Dkt. 11].

### 5.   SP Plus's Opposition to Reconsideration

On April 15, 2025, SP Plus filed timely opposition to Carter's motion for reconsideration. [Dkt. 12]. In its papers, SP Plus argued that the District Court's original order staying the case pending arbitration was properly entered and supported by compelling evidence of a valid arbitration agreement. [Dkt. 12]. SP Plus emphasized that its original motion had been granted based on clear documentation showing Carter

electronically signed the Arbitration Agreement during his onboarding process; the arbitration agreement bore Carter's initials and timestamped electronic signature, consistent with the timing and format of other onboarding documents he undisputedly signed; and this evidence, which the District Court had already deemed sufficient and persuasive, demonstrated a binding agreement to arbitrate all employment-related claims, including those under the FLSA and PMWA. [Dkt. 12].

SP Plus further contended that Carter's motion for reconsideration offered no new evidence or legal basis to disturb the District Court's prior ruling – *i.e.*, there was no basis to disturb the original decision. [Dkt. 12]. In making this argument, SP Plus underscored that the FAA mandates enforcement of arbitration agreements according to their terms and that the District Court had already found the agreement enforceable under applicable state and federal law. Accordingly, SP Plus urged the District Court to reaffirm its original decision and allow the matter to proceed to arbitration as initially and correctly ordered and as the parties had agreed. [Dkt. 12].

### 6.    Carter's Reply and Procedurally Improper New Evidence

On May 1, 2025, Carter filed a reply brief in further support of his motion for reconsideration. [Dkt. 14]. In this post-original-decision pleading with procedurally improper arguments and evidence, Carter advanced several new arguments and introduced new evidence that SP Plus had no opportunity to address under the procedural rules. [*See* Dkt. 14]. Chief among the new submissions were declarations from Carter and two other SP Plus employees, each asserting that they purportedly never saw, reviewed, or signed arbitration agreements during their onboarding. [*See* Dkt. 14]. Two of the three declarations, including Carter's declaration, are dated April 30, 2025, *i.e.*, one day before the deadline for the reply in further support of his motion for reconsideration. The third declaration is dated the same date as the deadline (May 1, 2025).

In addition to challenging the authenticity of the Arbitration Agreement, Carter argued for the first time that SP Plus's supporting declaration from its onboarding administrator lacked personal knowledge of Carter's specific onboarding experience and failed to establish that he had notice of or consented to the Arbitration Agreement. [Dkt. 14]. Carter also questioned the reliability of the electronic signature

15

process and suggested that onboarding practices varied significantly in practice from what SP Plus described in its filings. [Dkt. 14].

Notably, Carter's May 1, 2025 reply brief was the first and only instance in which he offered any substantive argument or evidence in opposition to SP Plus's motion to compel arbitration. That filing came **84 days** after Carter received a signed copy of the Arbitration Agreement, **76 days** after SP Plus filed its motion to compel arbitration, **62 days** after his opposition was due, **51 days** after the District Court granted the motion compelling arbitration, **48 days** after Carter moved for reconsideration, and **17 days** after SP Plus filed its opposition to that motion. Carter's reply brief introduced for the first time carefully tailored last-minute declarations designed to attack SP Plus's arguments, doing so only after SP Plus had long established its record and provided its best response to the construed motion for reconsideration that had no evidence or argument supporting reconsideration. This sequence underscores not only Carter's inexcusable delay but also the procedural unfairness of granting reconsideration based on self-serving evidence manufactured in the eleventh hour that SP Plus had no opportunity to rebut.

### 7.     District Court Grants Reconsideration and Vacates Stay

Despite the procedural unfairness of the construed motion to reconsider, the District Court credited the new arguments and evidence from Carter's reply brief in granting reconsideration and vacating its prior order compelling arbitration. [*See* Dkt. 17]. Upon reconsideration, the District Court concluded that it could not determine whether a valid agreement to arbitrate had been formed after all. [Dkt. 17]. Although SP Plus submitted an arbitration agreement bearing Carter's electronic initials and signature and documented his entry into the agreement by declaration, the District Court accepted Carter's procedurally improper self-serving assertion that he had not seen, discussed, or signed the agreement during his onboarding process. [*See* Dkt. 17]. Without conducting a trial or evidentiary hearing on the late-disputed issue of contract formation, the District Court vacated the original decision granting SP Plus's motion to compel arbitration and denied the original motion. [*See* Dkt. 17]. SP Plus appeals from this decision.

## IV.   SUMMARY OF ARGUMENT

The District Court abused its discretion when it granted Carter's motion for reconsideration and vacated its prior order compelling arbitration. It did so based on conclusory, self-serving, and after-the-fact declarations belatedly submitted for the first time on reply to a construed motion for reconsideration. Problematic declarations that SP Plus had no opportunity to rebut. The District Court's treated Carter's "motion for status conference" as a motion for reconsideration, issuing a briefing schedule that required SP Plus to respond to the construed motion for reconsideration that offered no arguments or evidence supporting reconsideration, and ultimately relying on the declarations introduced for the first time in Carter's reply brief all evidence extraordinary procedural flaws and unfairness. This procedural irregularity deprived SP Plus of due process and violated well-established standards governing motions for reconsideration.

Motions for reconsideration serve a limited purpose: to correct manifest errors of law or fact or to present newly discovered evidence. They are not a vehicle for relitigating issues, advancing new theories, or taking a second bite at the apple. Carter's motion did none of the above.

18

The District Court failed to apply the proper legal standard and instead rewarded Carter's repeated dilatory conduct, undermining the integrity of its own prior ruling, the parties' bargain for arbitration, and the orderly administration of justice.

Separately, the District Court's refusal to compel arbitration contradicts the FAA and controlling precedent. The FAA embodies a strong federal policy favoring arbitration and mandates enforcement of arbitration agreements according to their terms. The Arbitration Agreement between SP Plus and Carter expressly invokes the FAA and broadly covers all claims "arising out of or relating to" Carter's employment, including his wage claims under the FLSA and PMWA.

SP Plus met its burden under the FAA by producing a signed Arbitration Agreement supported by valid consideration, as confirmed by supporting declaration. Carter's claims fall squarely within the scope of that agreement. The District Court's decision to vacate its prior order compelling arbitration based on Carter's belated and unsupported factual assertions was legally flawed and procedurally improper.

Even assuming the District Court believed a genuine dispute existed regarding the formation of the Arbitration Agreement, it erred by

19

failing to proceed "summarily to the trial thereof" as required by Section 4 of the FAA. Instead, it allowed litigation on the merits to resume, frustrating the FAA's core purpose of efficient and enforceable arbitration.

This Honorable Court should reverse the District Court's order and compel arbitration, as the District Court's original order properly determined to be the correct result. In the alternative, the Court should at least remand with instructions for the District Court to conduct a trial on the issue of contract formation, consistent with the FAA's requirements.

## V.　ARGUMENT

### A.　THE DISTRICT COURT ABUSED ITS DISCRETION BY GRANTING RECONSIDERATION

#### 1.　Standard of Review

This Honorable Court reviews the District Court's decision granting Carter's motion for reconsideration under an abuse of discretion standard. *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

#### 2.　Carter's Motion for Reconsideration was Improperly Granted

Motions for reconsideration serve a narrow and well-defined purpose: to correct manifest errors of law or fact or to present newly discovered evidence. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). Mere dissatisfaction with a court's ruling is not a valid basis for reconsideration. *See EEOC v. Bloomberg L.P.*, 751 F. Supp. 2d 628, 651 (S.D.N.Y. 2010).

It is axiomatic that such motions cannot be used to relitigate old issues, advance new theories, seek a rehearing on the merits, or otherwise take a "second bite at the apple." *See Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1983), *aff'd*, 736 F.2d 388 (7th Cir. 1984); *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012).

21

This Circuit has made clear that "[b]elated factual or legal attacks are viewed with great suspicion, and intentionally withholding essential facts for later use on reconsideration is flatly prohibited." *CBI Indus.*, 90 F.3d at 1270. To prevail on a motion for reconsideration based on new evidence, the movant must show: (1) the evidence is truly new or previously unknown, and (2) it could not have been discovered with reasonable diligence during the pendency of the original motion. *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). Carter woefully failed to meet this burden. *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987).

The record on appeal is abundantly clear. Carter was aware of the Arbitration Agreement and SP Plus's intent to enforce it well before the motion to stay and compel arbitration was filed. [*See* Dkt. 12]. He declined to consent and instead requested informal discovery regarding potential collective action members—prompting SP Plus to file the motion.

Carter was required to respond within 14 days. *See* L.C.R. 47.1(b). He did not. The District Court properly deemed the motion unopposed and granted that motion three weeks after filing. [Dkt. 9]. Importantly,

22

the District Court determined SP Plus to have made a sufficient showing for enforcement of the arbitration agreement, rather than simply relying on Carter's failure to respond or seek any extension. [*See* Dkt. 9]. Only then did Carter file a "motion for status conference," attempting to explain away and shift the blame for his own procedural failures, but never explaining those failures, for example offering any reason why he missed the original response deadline and took no action to protect that deadline. [Dkt. 10].

Carter's May 1, 2025 reply brief was the first and only instance in which he offered any substantive argument or evidence in opposition to SP Plus's motion to compel arbitration. That filing came 84 days after Carter received a signed copy of the Arbitration Agreement, 76 days after SP Plus filed its motion to compel, 62 days after his opposition was due, 51 days after the District Court granted the motion, 48 days after Carter moved for a status conference, and 17 days after SP Plus filed its opposition to that motion, which had been construed as a motion for reconsideration. Carter's reply brief introduced carefully tailored last-minute declarations designed to circumvent SP Plus's arguments, but doing so only after SP Plus had already relied on Carter's unexplained

silence and the record as it stood, submitting the best response possible given that the construed motion for reconsideration offered no argument or evidence supporting reconsideration.

Rather than holding Carter accountable for his failure to adhere to the original deadline and inexcusable and unexplained procedurally improper delay in offering arguments and evidence, the District Court's decision rescued Carter from the consequences of his repeated serious procedural failures. Worse still, the District Court's decision cited SP Plus's inability to rebut these late-filed declarations as a reason for granting reconsideration and vacating its prior order. Given Carter offered the declarations for the first time on reply, of course SP Plus offered no rebuttal to them; SP Plus had no opportunity to do so.

The District Court's decision also failed to consider additional arguments that SP Plus had made in the original briefing, including that Carter consented to the terms of the Arbitration Agreement by accepting and continuing his employment. Carter's procedurally improper late-filed declarations offered no rebuttal to this argument by SP Plus, so that argument supporting the original decision remained unopposed. This sequence of events reflects a clear abuse of discretion and a departure

24

from the procedural and substantive standards governing motions for reconsideration, and the Court should reverse the District Court's decision on this basis.

B.     SP PLUS AND CARTER ARE PARTIES TO A VALID AND ENFORCEABLE ABRITRATION AGREEMENT AND CARTER'S CLAIMS ARE SUBJECT TO MANDATORY INDIVIDUAL ARBITRATION

Even on the original merits, the Court should find the arbitration agreement fully enforceable, compel this matter to arbitration, and stay the proceedings, like the District Court rightly determined on the basis of SP Plus' original motion to stay pending arbitration.

1.     Standard of Review

A district court's denial of a motion to compel arbitration is reviewed *de novo* and the "findings of fact underlying that decision for clear error." *Sosa v. Onfido, Inc.*, 8 F.4th 631, 638 (7th Cir. 2021). The FAA "requires federal and state courts to place written arbitration agreements on the same footing as other contracts." *Coatney v. Ancestory.com DNA, LLC*, 93 F.4th 1014, 1020 (7th Cir. 2024); *Scheurer v. Fromm Family Foods, LLC*, 863 F.3d 748, 752 (7th Cir. 2017) (citing 9 U.S.C. § 2). A court must compel arbitration under the FAA when three elements exist: "(1) an enforceable written agreement to arbitrate, (2) a

25

dispute within the scope of the arbitration agreement, and (3) a refusal to arbitrate." *Id.* (citing 9 U.S.C. § 4).

### 2.    Federal Law Favors Arbitration

Federal law strongly favors arbitration, as reflected in the FAA, which embodies both a liberal federal policy favoring arbitration and the fundamental principle that arbitration is a matter of contract. *See AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1745 (2011). The FAA was enacted to overcome longstanding judicial hostility toward arbitration agreements (*Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 581 (2008)) and to establish a federal policy that ensures such agreements are enforced according to their terms (*Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 89-90 (2000); *Concepcion*, 563 U.S. at 344). This policy is further reinforced by the FAA's directive for a "summary and speedy disposition of motions or petitions to enforce arbitration clauses." *Moses H. Cone Mem. Hosp. v. Mercury Construction Corp.*, 460 U.S. 1, 29 (1983).

Courts have consistently recognized a "heavy presumption of arbitrability" when parties have agreed to arbitrate disputes, and any doubts regarding the scope of arbitrable issues must be resolved in favor

26

of arbitration. *See, generally*, *American Recovery Corp. v. Computerized Thermal Imaging, Inc.*, 96 F.3d 88, 91 (4th Cir. 1996). The FAA leaves no room for judicial discretion in such matters, mandating that district courts direct parties to proceed to arbitration on issues covered by a valid arbitration agreement. *See Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 218 (1985) (citing 9 U.S.C. §§ 3, 4). As the Supreme Court emphasized, the FAA is a "congressional declaration of a liberal federal policy favoring arbitration agreements." *Perry v. Thomas*, 482 U.S. 483, 489 (1987) (quoting *Moses H. Cone*, 460 U.S. at 24).

### 3.    The Arbitration Agreement Expressly States that the FAA Applies

The Arbitration Agreement expressly states that it is governed by the FAA, which is sufficient to invoke it. Specifically, the Arbitration Agreement provides "SP [Plus] and [Carter] that the FAA applies to this Agreement…[.]" Parties may "voluntarily elect to have the FAA govern enforcement of [their arbitration] Agreement," in which case, the FAA preempts state laws that require a judicial forum for claims covered by an agreement to arbitrate. *Buckeye Check Cashing, Inc., v. Cardegna,* 546 U.S. 440, 442-43 (2006) (FAA preempted state law where arbitration agreement expressly stated that it was governed by the FAA).

### 4. The Arbitration Agreement Encompasses Carter's Claims Against SP Plus

Carter's claims for unpaid wages under the FLSA and the PMWA fall squarely within the scope of the Arbitration Agreement. The Arbitration Agreement requires arbitration of any claims that "may arise out of or relate to [an employee's] application for employment or employment with [SP Plus], including termination." Courts interpreting such language have consistently held that it encompasses a wide range of employment-related disputes, including statutory wage claims. *See Kiefer Specialty Flooring, Inc. v. Tarkett, Inc.*, 174 F.3d 907, 909–10 (7th Cir. 1999) (holding that "arising out of" and "relating to" language in arbitration clauses is extremely broad and capable of expansive reach).

Carter's wage claims are directly tied to his employment. In the Complaint, Carter alleges he was not paid minimum wage or overtime compensation as required by the FLSA and PMWA. [Dkt. 1]. These allegations stem from the terms and conditions of his employment, including the hours worked and compensation received. These are precisely the types of disputes that "arise out of" and "relate to" the employment relationship governed by the Arbitration Agreement. *See Kiefer Specialty Flooring*, 174 F. 3d at 909.

28

Moreover, the Supreme Court has emphasized that the FAA mandates that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem. Hosp.*, 460 U.S. at 24–25. Applying this principle, courts routinely compel arbitration of wage claims brought under federal and state statutes when the employment agreement contains a broad arbitration clause. *See, e.g., Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991). The relevant inquiry is whether the claims at issue are factually connected to the employment governed by the arbitration agreement. They are. Carter seeks compensation for work performed as an SP Plus employee. His claims are not collateral or tangential; they are central to the employment relationship. Accordingly, because Carter's FLSA and PMWA claims arise directly from his employment, they fall within the scope of the Arbitration Agreement. The Court should compel arbitration of these claims.

### 5.　The District Court's Reconsideration Conflated the Evidentiary Standard for Opposing Arbitration

Under the FAA, the initial burden rests with the party seeking to compel arbitration to demonstrate the existence of a valid and enforceable agreement to arbitrate. The FAA provides that written

agreements to arbitrate disputes "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. There is a strong federal policy favoring arbitration agreements. *Moses H. Cone Mem. Hosp.*, 460 U.S. at 24. If the court determines that a valid arbitration agreement exists and covers the claims asserted in the case, then a motion to compel arbitration should be granted.

SP Plus met its burden by producing a copy of the Arbitration Agreement bearing Carter's electronic signature, which is sufficient to establish the formation of an agreement under applicable contract principles. *See Tinder v. Pinkerton Sec.*, 305 F.3d 728, 735 (7th Cir. 2002); *see also Ortiz v. Winona Mem. Hosp.*, 2003 U.S. Dist. LEXIS 12446, at *11 (S.D. In. Jun. 4, 2003) (holding that the employer satisfied its burden by presenting signed acknowledgment forms that included clear arbitration clauses, supported by mutual promises to arbitrate and adequate consideration). Additionally, SP Plus introduced a declaration confirming that Carter entered into the Arbitration Agreement. [Dkt. 7].

Moreover, as SP Plus argued, general principles of contract law confirm that continued employment constitutes valid consideration for

an agreement to arbitrate. *Domer v. Menard, Inc.,* 116 F.4th 686, 694 (7th Cir. 2024). The District Court disregarded this argument when granting reconsideration. Additionally, the Arbitration Agreement in this case, like the one in *Ortiz*, was supported by mutual obligations and cost-sharing provisions, which further reinforce its enforceability. *See Gibson v. Neighborhood Health Clinics, Inc.*, 121 F.3d 1126, 1131 (7th Cir. 1997) ("Often, consideration for one party's promise to arbitrate is the other party's promise to do the same.").

Once SP Plus met its initial burden, the burden should have shifted to Carter to demonstrate that the agreement is invalid or unenforceable. This burden is analogous to that of a party opposing summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *Tinder*, 305 F. 3d at 735 ("a party opposing a motion to compel arbitration faces the same evidentiary standard that applies to a party opposing a motion for summary judgment.").

To meet this standard, Carter was required to identify specific facts in the record that create a genuine issue of material fact regarding the formation or applicability of the Arbitration Agreement. *Id.* ("a party resisting arbitration must identify a genuine issue of material fact

31

concerning the existence of the agreement to arbitrate in order to obtain a trial."). Mere general denials or conclusory assertions are insufficient, and self-serving affidavits without factual support do not create a triable issue. *Id.*

This Circuit has reiterated time and again in the summary judgment context that conclusory allegations and self-serving affidavits without any factual support in the record are insufficient to create a triable issue of fact. *See, e.g., Palmer v. Marion County*, 327 F.3d 588, 596 (7th Cir. 2003); *Hall v. Bodine Elec. Co.*, 276 F.3d 345, 354 (7th Cir. 2002).

Carter's claim that he never saw or signed the Arbitration Agreement is precisely the type of self-serving contention *Tinder* and its progeny reject as inadequate to defeat a motion to compel arbitration. For example, in *Ortiz*, the plaintiff similarly alleged that she had not received or read the agreement and was unaware of its contents and submitted an affidavit to that effect. 2003 U.S. Dist. LEXIS 12446. However, the district court found that her affidavit lacked the factual support necessary to raise a genuine dispute. *Id.* at *26–27.

Despite this clear framework, the District Court conflated the two

32

burdens. In granting reconsideration and vacating its prior order compelling arbitration, the District Court relied heavily on Carter's declarations and allegations about the onboarding process, treating them as dispositive without requiring the level of factual specificity mandated under the law. *See id.* at \*24–27. Critically, these declarations were signed the day before or the same day as that Carter filed his reply brief that submitted them for the first time, depriving SP Plus of any opportunity to respond or rebut the claims. The District Court's failure to account for this procedural posture undermines the fairness of its reconsideration ruling.

Moreover, the weight assigned to Carter's declarations was disproportionate given the standard for reconsideration and the fact that the District Court had already found SP Plus's evidence compelling when it initially granted the motion to stay pending arbitration. The reconsideration order does not explain why the same evidence, previously deemed sufficient to compel arbitration, was suddenly inadequate in light of Carter's untested and conclusory assertions, not to mention the considerable time that had elapsed since Carter received a signed copy of the Arbitration Agreement on February 6, 2025.

33

In sum, SP Plus satisfied its burden by producing a signed arbitration agreement supported by valid consideration. Carter failed to meet his burden to present specific, credible evidence creating a genuine issue of material fact. The District Court's reconsideration order improperly conflated the parties' respective burdens and relied on procedurally flawed and substantively insufficient evidence. Under the FAA and the law of this Circuit, the Arbitration Agreement should be enforced and the proceedings stayed pending arbitration.

## C.     ALTERNATIVELY, AND AT A MINIMUM, THE DISTRICT COURT ERRED BY NOT PROCEEDING SUMMARILY TO A TRIAL ON THE FORMATION

Under Section 4 of the FAA, when the making of an arbitration agreement is in dispute, the court is required to "proceed summarily to the trial thereof." 9 U.S.C. § 4. The District Court failed to do so. Even assuming *arguendo* that a factual dispute existed regarding the formation of the Arbitration Agreement (which SP Plus disputes), the District Court was obligated to resolve that issue promptly and summarily before allowing litigation on the merits to proceed. Instead, the District Court ordered SP Plus to file an Answer and the litigation to proceed on the merits. Allowing full discovery and litigation on the merits

34

before resolving arbitrability contradicts this intent and the parties' bargain and wastes judicial resources. Therefore, at a minimum, this Honorable Court should instruct the District Court on remand to resolve this issue in accordance with the express requirements of federal law.

## VI.   CONCLUSION AND REQUESTED RELIEF

For the foregoing reasons, SP Plus respectfully requests that this Honorable Court direct the District Court to enter an order compelling the individual arbitration of the claims brought against SP Plus by Carter in accordance with the terms of the parties' written contract and further direct the District Court to stay this litigation pending the resolution of the individual arbitration pursuant to 9 U.S.C. §§ 1-16.

In the alternative, if this Honorable Court finds that a factual issue regarding the formation of the Arbitration Agreement exists, SP Plus respectfully requests that the District Court be directed to:

1. Enter an amended scheduling order that contemplates a summary trial or hearing under Section 4 of the FAA; and

2. Stay all proceedings on the merits, including discovery, pending resolution of the arbitrability issue.

This approach aligns with the FAA's purpose and preserves SP Plus's contractual right to arbitrate.

Oral argument is hereby requested.

Respectfully submitted,

**LITTLER MENDELSON, P.C.**

Dated:  September 2, 2025          By:  _____

Shanthi Gaur, Esquire
John P. McAvoy, Esquire
*Attorneys for Defendant-*
*Appellant, SP Plus Corporation*

## CERTIFICATE OF COMPLIANCE WITH F.R.A.P. RULE 32(a)(7), F.R.A.P. RULE 32(g), AND CIRCUIT RULE 32(c)

The undersigned, counsel of record for the Defendant-Appellant SP Plus Corporation, furnishes the following in compliance with F.R.A.P. Rule 32(a)(7):

I hereby certify that this Brief conforms to the rules contained in F.R.A.P. Rule 32(a)(7) for a brief produced with a proportionally spaced font. The length of this Brief is 6,344 words.

Respectfully submitted,

LITTLER MENDELSON, P.C.

Dated: September 2, 2025    By: _____

John P. McAvoy, Esquire
*Attorney for Appellant,*
*SP Plus Corporation*

# CIRCUIT RULE (30)(d) STATEMENT

Pursuant to Circuit Rule (30)(d), counsel certifies that all material required by Circuit Rule 30(a) and (b) are included in the appendix.

Respectfully submitted,

LITTLER MENDELSON, P.C.

Dated:  September 2, 2025    By:  _____

John P. McAvoy, Esquire
*Attorney for Appellant,*
*SP Plus Corporation*

## PROOF OF SERVICE

The undersigned counsel for Defendant-Appellant SP Plus Corporation hereby certifies that on September 2, 2025, two copies of the Brief and Short Appendix were delivered via FedEx to Plaintiff-Appellee:

David J. Cohen, Esquire
STEPHAN ZOURAS LLC
604 Spruce Street
Philadelphia, PA 19106
*Counsel for Plaintiff-Appellee,*
*Rashaan Carter*

James B. Zouras, Esquire
STEPHAN ZOURAS, LLC
222 W. Adams Street, Suite 2020
Chicago, IL 60606
*Counsel for Plaintiff-Appellee,*
*Rashaan Carter*

An electronic version of the Brief and Short Appendix were also filed and available for download on September 2, 2025 via the U.S. Court of Appeals for the Seventh Circuit's ECF system.

Respectfully submitted,

**LITTLER MENDELSON, P.C.**

By: _____

John P. McAvoy, Esquire
*Attorney for Appellant,*
*SP Plus Corporation*

No. 25-2127

---

# IN THE UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

---

RASHAAN CARTER,
*Plaintiff-Appellee*

v.

SP PLUS CORPORATION
*Defendant-Appellant*

---

Appeal from The United States District Court
for the Northern District of Illinois, Case No. 1:25-cv-00312
The Honorable Elaine E. Bucklo, U.S.D.J. Presiding

---

# SHORT APPENDIX OF DEFENDANT-APPELLANT SP PLUS CORPORATION

---

**LITTLER MENDELSON, P.C.**
Shanthi Gaur, Esquire
John P. McAvoy, Esquire
321 North Clark Street | Suite 1100
Chicago, Illinois 60654
Telephone: 312.372.5520

## SHORT APPENDIX TABLE OF CONTENTS

1. March 11, 2025 Text Order [Dkt. 9] entered by Honorable Elaine E. Bucklo, U.S.D.J. of the U.S. District Court for the Northern District of Illinois granting motion to stay pending arbitration………..    APP 001

2. March 19, 2025 Text Order [Dkt. 11] entered by Honorable Elaine E. Bucklo, U.S.D.J. of the U.S. District Court for the Northern District of Illinois stating that Rashaan Carter's "motion for status conference" would be treated as a motion for reconsideration and issuing a briefing schedule…….    APP 002

3. June 13, 2025 Order and Decision [Dkt. 17] entered by Honorable Elaine E. Bucklo, U.S.D.J. of the U.S. District Court for the Northern District of Illinois granting Rashaan Carter's motion for reconsideration [Dkt. 10] and vacating the prior Order of March 11, 2025 [Dkt. 9] staying litigation pending the outcome of private arbitration…………..    APP 003-005

4. July 2, 2025 Notice of Appeal [Dkt. 21] to the U.S. Court of Appels for the Seventh Circuit………………    APP 006-007

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.3)**
**Eastern Division**


Rashaan Carter

     Plaintiff,

v.             Case No.: 1:25–cv–00312
              Honorable Elaine E. Bucklo

SP Plus Corporation

     Defendant.


### NOTIFICATION OF DOCKET ENTRY


This docket entry was made by the Clerk on Tuesday, March 11, 2025:


  MINUTE entry before the Honorable Elaine E. Bucklo: Defendant's motion to stay pending arbitration [7] is granted. Pending arbitration hearing date, this case is stayed until further order of the court. Status hearing set for 4/29/2025 at 9:45 a.m. The parties shall file a joint written status report by 4/22/2025 to report on arbitration hearing date. The court will enter a scheduling order in response to the status report. The Scheduling Conference and its Rule 26(f) report are stricken. Mailed notice. (mgh, )


**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.


**APP 001**

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.3)**
**Eastern Division**

Rashaan Carter

                  Plaintiff,

v.                                       Case No.: 1:25–cv–00312

                                       Honorable Elaine E. Bucklo

SP Plus Corporation

                  Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Wednesday, March 19, 2025:

     MINUTE entry before the Honorable Elaine E. Bucklo: I have received plaintiff's motion for a status conference, noting that this court granted defendant's motion to arbitrate. Plaintiff had not filed any opposition to the motion by the time I had ruled. Nevertheless, I will consider plaintiff's motion for a status conference as a motion to reconsider my order granting defendant's motion to arbitrate. Defendant is given until 4/15/25 to respond. Plaintiff has until 5/1/25 to reply. Ruling date is set for 5/23/25. The court will issue a ruling by mail. Mailed notice. (mgh, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

**APP 002**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Rashaan Carter, for himself      )
and all others similarly         )
situated                         )
                                 )
            Plaintiff,            )
                                 )
                                 )
      v.                         )    No. 25-cv-312
                                 )
                                 )
SP Plus Corporation              )
                                 )
            Defendant.            )

<u>Order</u>

Plaintiff's motion to reconsider my order to stay pending arbitration, which was entered without the benefit of adversarial briefing,[1] is granted. The complaint in this case asserts putative collective and class claims under the Fair Labor Standards Act and Pennsylvania Minimum Wage Act. Defendant argues that these claims are subject to mandatory arbitration, pointing to an arbitration agreement that defendant contends was among the documents plaintiff electronically signed during the "onboarding" process of his employment with defendant. But plaintiff insists that although

---

[1] Defendant's motion was not noticed for hearing, and neither party described, prior to briefing on plaintiff's motion to reconsider, the discussions and informal discovery they conducted to flesh out the merits of their respective views on whether plaintiff's claims are subject to mandatory arbitration.

**APP 003**

the arbitration agreement defendant attached to its motion purports to bear plaintiff's initials and electronic signature, plaintiff never saw or signed that agreement, so no agreement to arbitrate was ever formed.

As the party seeking to compel arbitration, SP Plus has the burden of establishing the formation of a valid arbitration agreement. *A.D. v. Credit One Bank, N.A.*, 885 F.3d 1054, 1063 (7th Cir. 2018). "Whether an agreement to arbitrate has been formed is governed by state-law principles of contract formation." *Domer v. Menard, Inc.*, 116 F.4th 686, 694 (7th Cir. 2024). Defendant insists that the arbitration agreement it points to is enforceable, but it does not address the antecedent question of whether a valid agreement was formed in the first place. *See Janiga v. Questar Cap. Corp.*, 615 F.3d 735, 741 (7th Cir. 2010) ("[t]he issue of the contract's validity is different from the issue whether any agreement between the alleged obligor and obligee was ever concluded") (citation omitted). As defendant's own authority confirms, contract formation requires a "meeting of the minds." *Id.* at 742 (citing *Deputy v. Lehman Bros., Inc.,* 345 F.3d 494 (7th Cir. 2003)).

On this score, defendant fails to engage with plaintiff's account of his onboarding process, which calls into question defendant's view that plaintiff's consent to arbitrate must be inferred from the presence of the initials "Rc" and a check in the

2

**APP 004**

box next to "Employee Electronic Signature" on the electronic document captioned "Mutual Agreement to Arbitrate All Claims." On the record before me, I cannot determine that a valid agreement to arbitrate was formed. Accordingly, upon reconsideration, defendant's motion to stay pending arbitration is denied.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: June 13, 2025

**APP 005**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **RASHAAN CARTER, for himself and all others similarly situated,** | |
| Plaintiffs, | |
| v. | Case No. 1:25–cv-00312 |
| **SP PLUS CORPORATION,** | Hon. Elaine E. Bucklo |
| Defendant. | |

## <u>NOTICE OF APPEAL</u>

PLEASE TAKE NOTICE that, pursuant to 9 U.S.C. § 16(a) of the Federal Arbitration Act, which authorizes an interlocutory appeal from an order denying a motion to compel arbitration, Defendant SP Plus Corporation, by and through its undersigned counsel, Littler Mendelson, P.C, hereby appeals to the United States Court of Appeals for the Seventh Circuit from the Order of the United States District Court for the Northern District of Illinois, Eastern Division, entered on June 13, 2025, which, upon reconsideration, denied Defendant's Motion to Stay Pending Arbitration [ECF No. 17].

This action is stayed pending resolution of the appeal by the United States Court of Appeals for the Seventh Circuit. *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023). (holding that a district court must stay its proceedings while an interlocutory appeal on the question of arbitrability is ongoing).

**APP 006**

Dated:   July 2, 2025

Respectfully submitted,

**LITTLER MENDELSON, P.C.**
*/s/ Shanthi Gaur*

Shanthi Gaur, Esquire
John P. McAvoy, Esquire (*pro hac vice*)
321 North Clark Street | Suite 1100
Chicago, Illinois 60654
T: (312) 372-5520
F: (312) 372-7880
E: sgaur@littler.com | jmcavoy@littler.com
*Attorneys for Defendant*

2

**APP 007**